**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JERRY PIERCE and JANET PIERCE, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | Civil Action No.  1:23-cv-01431 |
| *vs.* | § § | |
| REAL TIME RESOLUTIONS, INC.; RESOLUTION CAPITAL, L.P.; MACKIE WOLF ZIENTZ & MANN, P.C.; and DOES 1-25, | § § § § § | |
| Defendants. | § § | |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT,
AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Jerry Pierce and Janet Pierce, individually and on behalf of all others similarly situated, by way of this Complaint against Defendants, Real Time Resolutions, Inc. ("RTR"), Resolution Capital, L.P. ("Resolution"), Mackie Wolf Zientz & Mann, P.C. ("Mackie"), and DOES 1-25 ("DOES") (collectively "Defendants"), states:

## I.    NATURE OF THE ACTION

1.    Plaintiffs, Jerry Pierce and Janet Pierce, demanding trial by jury, bring this action for the illegal practices of Defendants, Real Time Resolutions, Inc. ("RTR") and Mackie Wolf Zientz & Mann, P.C. ("Mackie") who used deceptive, and misleading

practices, and other illegal practices, in connection with their attempts to collect an alleged debt from Plaintiffs.

2.      Plaintiffs allege Defendants' conduct in collecting consumer debts violate the Fair Debt Collection Practices Act, and the Texas Fair Debt Act.

3.      Such collection practices include, sending or causing to be sent, written communications that:

(i)     Make false representations or implications that an attorney is meaningfully involved in the process of sending those communications;

(ii)    Incorrectly state the amount of the consumer's debt;

(iii)   Fail to meaningfully identify the creditor of the consumer's debt;

(iv)    Contradict and overshadow the consumer's verification and dispute rights; and

(v)     Sending an improper Notice of Intent to Accelerate that makes false, deceptive, and misleading statements concerning the character, amount, or legal status of the consumer's debt

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

personal privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5.      The FDCPA is a strict liability statute providing for actual or statutory damages upon the showing of one violation. In reviewing an FDCPA complaint courts "must evaluate any potential deception in the letter under and unsophisticated consumer standard, assuming the the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." McMurray v. ProCollect, Inc., 687 F. 3d 665 (5th Cir. 2012).

6.      The FDCPA applies to lawyers regularly engaged in consumer debt collection. *Heintz v Jenkins*, 512 U.S. 291 (1995); *Garret v Derbes*, 110 F.3d 317 (5th Cir. 1997).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these per se violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); the representation or implication that nonpayment of any debt will result in the sale of any

property unless such action is lawful, 15 U.S.C. § 1692e(4); threatening to take any

action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. §

1692e(5); and the use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §

1692e(10).

8.      To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §

1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect

any debt and names a non-exhaustive list of certain per se violations of unconscionable

and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Included among the per se

violations prohibited in this section are the collection of any amount (including any

interest, fee, charge, or expense incidental to the principal obligation) unless such

amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

9.      The Texas Debt Collection Practices Act, like the FDCPA, prohibits debt

collectors from engaging in misrepresentations or using deceptive, coercive,

threatening, abusive practices when collecting a debt.

10.     Plaintiffs seek statutory damages, attorney fees, costs, and all other relief,

equitable or legal in nature, as deemed appropriate by this Court, pursuant to the

FDCPA, TDCPA, and all other common law or statutory regimes.

11.     This case involves an alleged obligation, for personal, family, or

household purposes, and arising from a transaction or alleged transaction. This action

arises out of a consumer debt as defined by Tex. Fin. Code § 392.001(2).

## II.    PARTIES

12.    Jerry Pierce is a natural person.

13.    Janet Pierce is a natural person.

14.    At all times relevant to this Complaint, Plaintiffs were citizens of Texas, and resided in Travis County, Texas.

15.    RTR is for-profit corporation formed and existing under Texas law.

16.    RTR maintains its principal place of business at 1349 Empire Central Drive, Suite 150, Dallas, Texas.

17.    RTR may be served with process via its regitered agent, Anthony A. Petrocchi, at 5127 Spyglass Drive, Dallas, Texas, 75287, or wherever RTR may be found.

18.    Resolution is for-profit limited partnership formed and existing under Nevada law.

19.    Resolution maintains its principal place of business at 1601 Elm Street, Suite 1900, Dallas, Texas 75201.

20.    Resolution may be served with process via its regitered agent, Anthony A. Petrocchi, at 5127 Spyglass Drive, Dallas, Texas, 75287, or wherever it may be found.

21.    Mackie is a professional corporation formed and existing under Texas law.

22.    Mackie maintains its principal business address at 14160 Dallas Parkway, Suite 900, Dallas, Texas, 75254.

23.    Mackie may be served with process via its regitered agent, Brandon Wolf, at 14160 Dallas Parkway, Suite 900, Dallas, Texas, 75254, or wherever it may be found.

24.    Texas Finance Code § 392.101(a) provides "[a] third-party debt collector…may not engage in debt collection unless the third-party debt collector… has obtained a surety bond issued by a surety company authorized to do business in Texas."

25.    RTR has engaged in debt collection in the State Texas during the two years prior to filing this Complaint and continuing to present and it maintains an active surety bond issued as required by Texas Finance Code § 392.101.

26.    Resolution has engaged in debt collection in the State Texas during the two years prior to filing this Complaint and continuing to present without having a surety bond issued as required by Texas Finance Code § 392.101.

27.    Plaintiffs, and the putative class members they seek to represent, have been, and continue to be, damaged by RTR's TDCA violations and, therefore, they seek recover from RTR's bond issuer.

28.    DOES 1-25 are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs and they will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

29.    DOES 1-25 are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw RTR's and Mackie's violative policies and procedures that are the subject of this Complaint. DOES 1-25 personally control, and engaged in,

the illegal acts, policies, and practices used by RTR and Mackie and, thus, are personally liable for all wrongdoing alleged in this Complaint.

### III.   JURISDICTION AND VENUE

30.   Jurisdiction of this Court arises under 15 U.S.C. § 1682k(d) and 28 U.S.C. §§ 1331, 1337.

31.   Supplemental jurisdiction for Plaintiffs' state law claims arises under 28 U.S.C. § 1367.

32.   Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs claims occurred within this federal district, and because Defendants are each subject to personal jurisdiction in the State of Texas at the time this action commenced.

### IV.   FACTUAL ALLEGATIONS

33.   In October 2000, Plaintiffs entered into a home equity loan transaction with Wells Fargo Bank, N.A. ("Loan") The Loan was secured by their homestead at 13100 Onion Creek Drive, Manchaca, Texas 78652, Travis County ("Homestead").

34.   The Loan was secured by a Deed of Trust dated October 18, 2000, which is recorded in the Travis County property records as Intrument No. 2000182006.

35.   Due to their financial circumstances, Plaintiffs subsequently defaulted on the Loan sometime prior to 2005.

36.     Defendants contend Plaintiffs' last payment on the Loan was made in April 2005, and that they have failed to make any payments on the Loan beginning with their payment due on August 25, 2005. Consequently, there have been no payments on the Loan for more than 18 years.

37.     Defendants contend the Loan has continuously been in default since August 25, 2005.

38.     On December 10, 2007, Wells Fargo Bank, N.A. assigned all of its rights, title and interest in the Deed of Trust to Resolution and an Assignment memorializing this transaction is recorded in the Travis County property records on December 13, 2007 as Intrument No. 2007223200.

39.     On December 7, 2007, Resolution assigned all of its rights, title and interest in the Deed of Trust to Mortgage Electronic Registration Systems, Inc. and an Assignment memorializing this transaction is recorded in the Travis County property records on December 13, 2007 as Intrument No. 2007223201.

40.     RTR mailed Plaintiffs a letter daed February 8, 2018 which offering to settle the Loan for up to a 78.06% reduction ("2/8/18 Letter").

41.     The 2/8/18 Letter asserts that the Balance Due on the Loan was $87,618.00.

42.     RTR and Resolution had accelerated the Loan prior to February 8, 2018.

43.     RTR mailed Plaintiffs a letter dated August 27, 2020 which identified Resolution as the Loan's "current creditor."

44.     RTR mailed Plaintiffs a letter dated September 21, 2020 which identified Resolution as the Loan's "current creditor."

45.     RTR mailed Plaintiffs a letter dated October 16, 2020 which identified Resolution as the Loan's "current creditor."

46.     RTR mailed Plaintiffs a letter dated January 4, 2021 which identified Resolution as the Loan's "current creditor."

47.     RTR mailed Plaintiffs a letter dated January 21, 2021 which identified Resolution as the Loan's "current creditor."

48.     On or about November 22, 2022, Mackie mailed Plaitniffs an initial letter dated November 18, 2022 ("11/18/22 Letter").

49.     A true copy of the 11/18/22 Letter is attached hereto as *Exhibit A*.

50.      *Exhibit A* falsely identies the Loan's creditor as RTR.

51.     *Exhibit A* falsely states the amount off the Loan.

52.     *Exhibit A* failed to allow the required time for Plaintiffs to

53.     Plaintiffs disputed the 11/18/22 Letter in writing to Mackie on December 1, 2022.

54.     RTR mailed Plaintiffs a letter dated December 12, 2022, which identified Resolution as the Loan's "current creditor."

55.     Plaintiffs disputed the 11/18/22 Letter in writing to Mackie again on December 19, 2022.

56.     Mackie has never responded to Plaintiffs' dispute letters.

57.     RTR mailed Plaintiffs a letter and payoff statement, each dated January 3, 2023 which identified Resolution as the Loan's "current creditor."

58.      RTR offered to settle the Loan for up to a 78.06% reduction ("2/8/18 Letter").

59.     Notwithstanding the lapse of at least 18 years since any payment on the Loan, on or about November 18, 2022, RTR, by and through Mackie, sent to Plaintiffs a purported "Notice of Intent to Accelerate" ("NOI" herein - See **Exhibit B** incorporated by reference herein). In the NOI, RTR makes a number of misrepresentations, some of which directly impact the validity of the purported acceleration of the Loan.

60.      First, in the NOI RTR claims to be the "Mortgagee" of the Loan. However, Plaintiff has information and belief that as of the date of the NOI, November 18, 2022, RTR was at most the servicer, and Resolution Capital, LP may have been the owner. Indeed, subsequent collection letters from RTR confirm Resolution Capital, LP was the owner of the Loan.

61.     More importantly, within the body of the NOI, RTR states as follows:

> "If the maturity date of the Note is accelerated, the Mortgagee will commence is scheduling a foreclosure sale of the property according to the terms of the Deed of Trust and Texas Property Code 51.0025. If a deficiency remains, on your debt after the foreclosure sale, the Mortgagee may seek to hold you personally liable for such deficiency."

62.   The foregoing statements (b) in the NOI are false and misleading because any foreclosure by a home equity loan is expressly limited to a judicial foreclosure proceeding under Art. XVI §50(a)(6)(D) of the Texas Constitution. Consequently, the statement that RTR would schedule a foreclosure without disclosing the need for a court order is false and misleading.

63.   Moreover, the Letter further states that Plaintiff may be liable for a deficiency balance.

64.   However, any personal liability is expressly prohibited as per Art. XVI §50(a)(6)(C) of the Texas Constitution.

65.   On or about March 14, 2023, RTR, by and through Mackie, next sent to Plaintiffs a purported acceleration letter ("Acceleration Letter" -See *Exhibit C*). However, at the beginning of this letter/notice, RTR contradicts it self by claiming to be both the servicer and mortgage holder: "Realtime Resolutions, Inc., mortgage servicer for Realtime Resolutions, Inc., the current mortgagee of the Note and Deed of Trust.

66.   Notwithstanding the failure to properly accelerate the Loan, on or about May 3, 2023, RTR, by and through Mackie. filed Real Time's Application for Expedited Home Equity Foreclosure Application as per Tex. R. Civ. P. 736.

67.    In light of the foregoing false and material statements in both the NOI and Acceleration Letter, RTR is not entitled to foreclose on the Property and any relief under Tex. R. Civ. P. 736.

68.    Plaintiff are informed and believe, and on that basis allege, that at all times relevant to the collection of the alleged debt, Mackie was the agent for RTR acting within the course and scope of its employment at the time of the incidents complained of herein, and was at all times under the direct supervision, instruction, control, and RTR's approval. Moreover, Mackie was/is specifically acting as RTR's agent with regards to the NOI, Acceleration Letter, and court proceedings in connection to Application for Expedited Home Equity Foreclosure Application.

69.    Notwithstanding the appearance of counsel in the Lawsuit disputing the alleged debt,  RTR continued to send notices to Plaintiffs seeking payment and even including payment vouchers (See *Exhibit D* – dated October 4, 2023).

70.    Moreover, Mackey on at least two different occasions, send notice of a hearing directly to Plaintiffs.

71.    These letters are "communications" per 15 U.S.C. § 1692a(2).

72.    On information and belief, the February 9, 2017 letter is a mass-produced, computer-generated, auto-filled form letter that is prepared by non-attorney debt collectors employed by Mackie and sent to consumers from whom it is collecting a debt.

73.    In *Exhibit C* Mackie claims to represent both "the herein named creditor and mortgage servicer." In *Exhibit D* Mackie claims to represent "RTR Mortgage LLC" without mention of a creditor.

74.    In *Exhibit C* Mackie states: "The law does not require us to wait until the end of the thirty (30) day period before beginning the foreclosure proceeding. If however you request proof of the validity of the debt or the name and address of the original creditor within the thirty (30) day period that begins with receipt of this letter, the law requires is to suspend our efforts to foreclose and collect the debt until we mail the requested information to you." (emphasis added).

75.    RTR is a debt collector as that term is defined 15 U.S.C. § 1692a(6) and a third party debt collector as defined by Tex. Fin. Code § 392.001(7).

76.    Mackie is a debt collector as that term is defined 15 U.S.C. § 1692a(6) and a third party debt collector as defined by Tex. Fin. Code § 392.001(7).

77.    RTR placed a debt for collection with a debt collector that it knew or should have known was extinguished.

## V.    POLICIES AND PRACTICES COMPLAINED OF HEREIN

78.    It is Defendant's policy and practice to engage in unfair and deceptive acts and practices, in  violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692g(a)(1), 1692g(a)(2), and 1692g(b), as well as Tex. Fin. Code §§ 392.102, 392.301(a)(8), 392.303(a)(2), 392.304(a)(19).

## VI.    FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AGAINST MACKIE

79.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

80.    The Defendants violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as *Exhibits A, B, C, and D* include, but are not limited to, the following:

(i)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(ii)    Failing to accurately identify the creditor of the alleged debt in violation of 15 U.S.C. § 1692g(a)(2);

(iii)    Failing to accurately disclose the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1);

(iv)    Stating the balance may include interest, late charges, and other charges in violation of 15 U.S.C. § 1692e(2)(A);

(v)    Failing to state the correct amount of the debt in violation of 15 U.S.C. § 1692e(2)(A);

(vi)    Falsely threatening the sale of property 15 U.S.C. § 1692e(4);

(vii)    Threatening to take an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

(viii)    Falsely implying a licensed attorney had conducted meaningful review of the consumer's account prior to the mailing of those communications in violation of 15 U.S.C. § 1692e(3) ;

(ix)    Confusing the name(s) of the creditors who whom the debt is due in violation of 15 U.S.C. § 1692g(a)(2);

(x)    Confused the dispute and/or verification of the debt in violation of 15 U.S.C. § 1692g(b);

## VII.    SECOND CAUSE OF ACTION – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT AGAINST MACKIE

81.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

82.    Defendant Mackie violated the TDCA. Defendant's violations with respect to its written communications in the form attached as *Exhibits A, B, C, and D* include, but are not limited to, the following:

(i)    Engaging in debt collection without a bond in violation of Tex. Fin. Code § 392.101; and/or

(ii)    Using a false representation to collect a debt in violation of Tex. Fin. Code § 392.301(a)(8);

(iii)    Collecting or attempting to collect interest or a charge, fee, or expense not legally chargeable in violation of Tex. Fin. Code § 392.303(a)(2); and

(iv)    Using any other false representation of deceptive means to collect a debt in violation of 392.304(a)(19).

## VIII.    THIRD CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST RTR

83.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

84.    The Defendant RTR violated the FDCPA. Defendant's violations with respect to its communications in the form attached as *Exhibits A, B, C, and D* include, but are not limited to the following:

85.     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

86.     Falsely represented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A); and

87.     Threatening or causing to be made threats to take actions that cannot legally be taken in violation of 15 U.S.C. § 1692e(5).

## IX.     FOURTH CAUSE OF ACTION – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT AGAINST RTR

88.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

89.     RTR violated the TDCA with respect to its communications in the form attached as *Exhibits B* and *C* and include, but are not limited to, using a false representation to collect a debt in violation of Tex. Fin. Code 392.304(a)(19).

## X.     CLASS ALLEGATIONS

90.     Plaintiffs brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

91.     Plaintiffs seeks to certify two Classes, each with a subclass.

92.     Subject to discovery and further investigation which may cause Plaintiffs to modify the class definition to be more or less inclusive, she defines the "Collection Class" to include:

> All natural persons with a Texas address from whom RTR
> sought to collect a debt, between April 5, 2020 and April

26, 2022, by calling or sending any form of written communication.

Plaintiffs defines a "Collection Subclass" to include:

> Each person who is a Collection Class member but whose collection activity by RTR took place between April 5, 2021 and April 26, 2022.

93.     Subject to discovery and further investigation that may cause Plaintiffs to modify the class definition to be more or less inclusive, she defines a "Communication Class" to include:

> All natural persons with a Texas address to whom RTR sent a written communication to collect a debt, in the form of *Exhibit A*, between April 5, 2020 and April 26, 2022.

Plaintiffs defines a "Communication Subclass" to include:

> Each person who is a Communication Class member but whose written communication, in the form of *Exhibit A*, was sent by RTR April 5, 2021 and April 26, 2022.

94.     The Classes and Subclasses exclude each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against Defendants alleging a violation of the FDCPA or TDCA, or (d) signed a general release of claims against RTR. The Class also excludes Plaintiffs's counsel, or an employee or family member of her counsel.

95.     Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth), Plaintiffs may, in addition to moving for class

certification using modified definitions of the Classes and Claims, seek class

certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

96.    Each Class member's identity is ascertainable from RTR's business

records.

97.    This action is brought, and may properly be maintained as, a class action

under Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the

litigation in that:

(i)    *Numerosity*. The Collection Class and Subclass members are so

numerous and geographically disbursed that joinder is impractical

because there are more than 40 such Class and Subclass members.

(ii)    *Numerosity*. The Communication Class and Subclass members are so

numerous and geographically disbursed that joinder is impractical

because there are more than 40 such Class and Subclass members.

(iii)    *Commonality*. Common questions of law and fact exist as to all

Collection Class and Subclass members, the principal issues are: whether

Defendants' conduct, as described above, was the same or substantially

similar with respect to Defendants' attempts to collect debts from the

Plaintiffs and Class members; and whether such conduct violated the

FDCPA and TDCA.

(iv)    *Commonality*. Common questions of law and fact exist as to all

Communication Class and Subclass members, the principal issues are:

whether Defendants' conduct, as described above, was the same or substantially similar regarding Defendants' attempts to collect debts from the Plaintiffs and Class members; and whether such conduct violated the FDCPA and TDCA.

(v)   *Typicality*. Plaintiffs' claims are typical of Class and Subclass members' claims because the claims arise from Defendants' standardized course of conduct as set forth in the *Factual Allegations*.

(vi)  *Typicality*. Plaintiffs' claims are typical of Communication Class and Subclass members' claims because the claims arise from Defendants' standardized course of conduct as set forth in the *Factual Allegations*.

(vii) *Adequacy*. Plaintiffs will fairly and adequately protect Class members' interests because her interests are not averse to absent class members and she is committed to vigorously litigating this matter. Plaintiffs retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

98.    Certification of a Class under Fed. R. Civ. P. 23(b)(2) Plaintiffs and the Classes may obtain injunctive relief under Tex. Fin. Code § 392.403(a)(1) upon the Court's determination that Defendants: *(i)* violated Tex. Fin. Code § 392.101 by engaging in debt collection without obtaining a surety bond; or *(ii)* violated the TDCA by sending written communications to Texas consumers in the form of *Exhibit A*.

99.     This action may also be maintained as a hybrid class action under

Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to the Collection

Class, and all Sub-Class members, predominate over questions affecting any individual

member, and a class action is superior to other available methods for the fair and

efficient adjudication of the controversy. The individual joinder of all Collection Class

members, and all Subclass members, is impracticable, class action treatment will permit

a large number of similarly situated persons to efficiently prosecute their common

claims in a single forum without unnecessary duplication of effort and expense that

individual actions engender, an important public interest is served by addressing the

matter as a class action, substantial expenses to the litigants and to the judicial system

will be realized, and difficulties are unlikely in the management of a class action.

## XI.    PRAYER FOR RELIEF.

100.    WHEREFORE, Plaintiffs respectfully request the Court enter judgment in

their favor and against Defendants, jointly and severally, as follows:

### A.    *For the First Cause of Action:*

(i)     An award of statutory damages for Plaintiffs pursuant to 15
        U.S.C. § 1692k(a)(2)(B);

(ii)    An award of actual damages for Plaintiffs in an amount to be
        determined at trial, pursuant to pursuant to 15 U.S.C. §
        1692k(a)(1);

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15
        U.S.C. § 1692k(a)(3); and

(iv)    For such other and further relief as may be just and proper.

**B.** *For the Second Cause of Action:*

    (i)   An award of statutory damages for Plaintiffs pursuant to Tex. Fin. Code § 392.403(e);

    (ii)   An award of actual damages for Plaintiffs in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

    (iii)   Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code § 392.403(b); and

    (iv)   For such other and further relief as may be just and proper.

**C.** *For the Third Cause of Action:*

    (i)   An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (ii)   An award of actual damages for Plaintiff in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

    (iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (iv)   For such other and further relief as may be just and proper.

**D.** *For the Fourth Cause of Action:*

    (i)   An award of statutory damages for Plaintiffs pursuant Tex. Fin. Code § 392.403(e);

    (ii)   An award of actual damages for Plaintiffs in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);

    (iii)   Attorney's fees, litigation expenses, and costs pursuant to Tex. Fin. Code § 392.403(b); and

    (iv)   For such other and further relief as may be just and proper.

## XII.    JURY DEMAND.

101.    Plaintiffs hereby demand that this case be tried before a jury.


Dated: November 20, 2023                    Respectfully submitted,


                                            /s/ Brent A. Devere
                                            Brent A. Devere (TX Bar No. 00789256)
                                                LAW OFFICES OF BRENT A. DEVERE
                                            1411 West Avenue, Suite 200
                                            Austin, Texas 78701
                                            Telephone: (512) 457-8080
                                            Facsimile:  (512) 457-8060
                                            Email: BDevere@1411west.com

                                            Amy L.B. Ginsburg (TX Bar No. 24107506)
                                            Andrew T. Thomasson (NJ Bar No. 048362011)
                                            Francis R. Greene (IL Bar No. 6272313)
                                                THOMASSON PLLC
                                            16414 San Pedro Avenue, Suite 700
                                            San Antonio, TX 78232-2272
                                            Telephone: (877) 537-5733
                                            Facsimile:   (973) 559-5779
                                            Email: Amy@Thomassonpllc.com
                                            Email: Andrew@Thomassonpllc.com
                                            Email: Francis@Thomassonpllc.com

                                            *Attorneys for Plaintiffs, Jerry Pierce and Janet Pierce*