UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JERRY PIERCE AND JANET PIERCE, individually and on behalf of all others similarly situated, <br> *Plaintiffs,* <br><br> v. <br><br> MACKIE WOLF ZIENTZ & MANN, P.C.; REAL TIME RESOLUTIONS, INC.; RESOLUTION CAPITAL, L.P.; AND DOES I-25, <br> *Defendants.* | §§§§§§§§§§§§§ | No. 1:23-cv-01431-DAE |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Susan Hightower. (Dkt. # 46.) On May 6, 2024, Defendants Real Time Resolutions, Inc., Resolution Capital, L.P., and Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf", collectively "Defendants") filed their 12(b)(1) Motion to Dismiss. (Dkt. # 26.) On June 10, 2024, Plaintiffs, Jerry Pierce and Janet Pierce, ("Plaintiffs") filed their response in opposition to the motion. (Dkt. # 34.) On June 17, 2024, Defendants filed their reply. (Dkt. # 39.)

On January 29, 2025, Judge Hightower submitted a Report and Recommendation, recommending that the Court deny the Motion to Dismiss.

1

(Dkt. # 46.)  On February 12, 2025, Defendants filed Objections to the Recommendation.  (Dkt. # 48.)  On February 26, 2025, Plaintiffs filed their response to the Objections.  (Dkt. # 50.)

The Court finds this matter suitable for disposition without a hearing.  After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation.  The Motion to Dismiss (Dkt. # 26) is therefore **DENIED.**

BACKGROUND

The Court agrees with Judge Hightower's recitation of the facts and incorporates them in full:

The parties include Plaintiffs Jerry Pierce and Janet Pierce, who bring this Fair Debt Collection Act suit individually and on behalf of all others similarly situated.  (Dkt. # 46 at 1.)  Defendants include Real Time Resolutions ("RTR"), a Texas corporation; Resolution Capital ("Resolution"), a Nevada limited partnership with its principal place of business in Texas; and Mackie Wolf Zientz & Mann, P.C. ("Mackie"), a Texas corporation.  (Id.)

Plaintiffs seek class certification, injunctive relief, statutory and actual damages, compensation "for their services on behalf of the Classes and Subclass," attorneys' fees, litigation expenses, and costs.  Defendants move to dismiss for lack of standing under Rule 12(b)(1).  (Id. at 2.)

2

## APPLICABLE LAW

I.   Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.  Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject

matter jurisdiction when a court lacks statutory or constitutional authority to adjudicate the claim.  <u>Home Builders Assoc. of Mississippi, Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).  In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Den Norske Stats Oljeselskap As v. HeereMac Vof</u>, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

       Challenges to a plaintiff's standing to bring a claim may be brought under 12(b)(1).  <u>See</u> <u>In re Wilson</u>, 527 B.R. 253, 255 (Bankr. N.D. Tex. 2015) ("A motion to dismiss that attacks a party's standing 'is a jurisdictional matter." (quoting <u>Broadhollow Funding LLC v. Bank of America, N.A.</u>, 390 B.R. 120, 128 (Bankr. D. Del. 2008)).  "Standing goes to the 'case or controversy' limitation on federal court jurisdiction . . . and a plaintiff's lack of standing 'robs the court of jurisdiction to hear the case.'"  <u>In re Hunt</u>, 149 B.R. 96, 99 (Bankr. N.D. Tex. 1992) (citations omitted); <u>see also</u> <u>In re Rhinesmith</u>, 450 B.R. 630, 631 (Bankr. W.D. Tex. 2011) (stating that "standing is a species of subject matter jurisdiction" (citing, inter alia, <u>Sample v. Morrison</u>, 406 F.3d 310, 312 (5th Cir. 2005)).

       A plaintiff establishes standing by sufficiently alleging: "(1) an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; (2) is fairly

4

traceable to the defendant's actions; and (3) is likely to be redressed by a favorable decision." Barilla v. City of Houston, 13 F.4th 427, 431 (5th Cir. 2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

## DISCUSSION

The Magistrate Judge found that Plaintiffs have sufficiently alleged a sufficient concrete injury traceable to Defendants and shown their standing to sue. (Dkt. # 46 at 5.)  Judge Hightower reasoned that Plaintiffs demonstrated standing by hiring counsel to defend against the foreclosure proceedings initiated by Defendants and that Defendants conflate damages with injury in fact for standing purposes.  (Id. at 4–5.)

Defendants object to this finding for the following reasons: (1) while a party's payment of attorney's fees in prior litigation may constitute a concrete injury in fact, nowhere in the Amended Complaint do Plaintiffs allege they paid (or were even charged) attorney's fees; and (2) attorney's fees are not a pecuniary loss recoverable through a negligent misrepresentation claim in Texas.  (Dkt. # 48.)

In the Amended Complaint, Plaintiffs allege counsel for Plaintiffs appeared in the foreclosure action on June 26, 2023.  (Dkt. # 6 at 13.)  Defendants contend that "[t]o the extent the Magistrate concluded the concrete injury was the past payment of attorney's fees by Plaintiffs, that factual allegation simply is not in the Amended Complaint."  (Dkt. # 48 at 6.)

5

In Perez v. McCreary, Veselka, Bragg & Allen, P.C., 45 F.4th 816 (5th Cir. 2022), the Fifth Circuit explained that time wasted by consulting with a lawyer after receiving a debt collection letter does not qualify as a concrete injury. Id. at 825. "Absent an allegation that Perez paid her attorney anything for the consultation, we must assume that her purported injury is solely lost time." Id.

Plaintiffs respond that Defendants' reliance on Perez is misplaced because those allegations were based on mere consultation. (Dkt. # 50 at 5.) Plaintiffs distinguish Perez by claiming that the plaintiff there was not a party to a lawsuit and there was no present or imminent future harm. (Id.) In contrast, the Pierces were parties to a state court lawsuit and hired counsel to appear and defend them against an illegal foreclosure proceeding. The Court agrees that at the motion to dismiss stage, Plaintiffs are entitled to the reasonable inference that the Pierces retained and paid counsel based on their appearance at a foreclosure action. (Id. at 6–7); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Defendants next argue that the Magistrate Judge should have examined whether the injury suffered (payment of fees) is a type of injury protected at common law for this type of claim. (Dkt. # 48 at 6.) The Court finds Defendants' arguments regarding whether attorney's fees and litigation expenses

may be recovered by Plaintiffs under common law goes toward damages, not injury-in-fact.

Therefore, the Court **OVERRULES** Defendants' Objections to the recommended denial of the motion to dismiss. The Court agrees that Plaintiffs have alleged a sufficient concrete injury traceable to Defendants and shown their standing to sue. Accordingly, the Court **DENIES** Defendants' 12(b)(1) Motion to Dismiss.

## CONCLUSION

For the reasons above, the Court **ADOPTS** United States Magistrate Judge Susan Hightower's Report and Recommendation in full as the opinion of this Court. (Dkt. # 46.) Defendants' Motion to Dismiss is **DENIED.** (Dkt. # 26.)

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, March 7, 2025.

_____
David Alan Ezra
Senior United States District Judge